### JOHN O'DONNELL, Plaintiff in Error; *v.* PHINEAS HOWES, Defendant in Error.

#### ERROR TO WINNEBAGO.

In ejectment, before the court can take jurisdiction, it should appear, by affidavit, that the declaration and notice to appear and plead, have been served. A sheriff's return will not give jurisdiction.

THE record from the court below, sets forth a declaration in ejectment by Howes against O'Donnell, in the usual form, filed 12th March, 1861, in March term, with the usual notice to plead appended.

There is also appended to the declaration and notice, the following sheriff's return:

STATE OF ILLINOIS, }
WINNEBAGO COUNTY. }

I have this day served this writ of ejectment, by delivering a copy of the same to the within named John O'Donnell, this 12th day of March, 1861.

M. J. UPRIGHT, *Sheriff.*
By J. E. DENNIS, Deputy.

The following was also appended:

STATE OF ILLINOIS, }
   WINNEBAGO COUNTY. }

James E. Dennis, being first duly sworn, deposes and says that he has this day, to wit, the 12th day of March, A. D. 1861, delivered to the within named John O'Donnell, a true copy of the within declaration and notice, and that said defendant is in possession of the within described lands.

M. J. UPRIGHT, *Sheriff.*<br>By J. E. Dennis, Deputy.

No jurat appearing.

Upon these papers a rule to plead was entered at March term, 1861, and a judgment by default was entered at the ensuing June term, 1861.

The errors assigned, are:

It does not appear that a copy of the declaration or any notice to appear and plead, was served.

An affidavit of service was not filed.

It does not appear that the court acquired jurisdiction of the cause, or of the person of defendant below.

BURNAP & HARVEY, for Plaintiff in Error.

J. MARSH, for Defendant in Error.

WALKER, J. This was an action of ejectment, with the declaration and notice in the usual form. The only evidence of service, is the sheriff's return, which was indorsed on the declaration, and is this: "I have this day served this writ of ejectment, by delivering a copy of the same to the within named John O'Donnell, this 12th day of March, 1861." The thirteenth section of the ejectment act provides, "that the plaintiff, on the day specified in the notice, or on some day thereafter, upon filing the declaration, with an affidavit of the service of a copy thereof, and of the notice required by the statute, shall be entitled to enter a rule, requiring the defendant to appear and plead within twenty days after entering such rule, etc. This section only authorizes the plaintiff to enter the rule, and a default, to be taken upon filing an affidavit of service. The whole proceeding is statutory, and essentially changes the action as it existed at the common law, and having, amongst other changes, described the mode of making service and return, it must be regarded. No authority is given to issue a summons, or to make service in the manner required in ordinary causes. In this proceeding, the statute has prescribed the practice, and the parties or the

courts have no right to say whether it is the best, but must comply with its requirements.    This service fails to do so, and is insufficient.

The judgment of the court below must be reversed.

*Judgment reversed.*